UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 16-62548-CIV-MARTINEZ-GOODMAN

KENICKAY PRENDERGAST,

    Plaintiff,

vs.

THE CBE GROUP, INC.,

    Defendant.
_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Monday, September 18, 2017 at 9:30 a.m.,** before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Suite 10-1, Miami, Florida 33128. Calendar Call will be held on **Thursday, September 14, 2017 at 1:30 p.m.** at the same location.

IT IS ORDERED AND ADJUDGED as follows:

1. No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2. Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12 point typeface.

3. Counsel and all pro se litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for voir dire examination. The Court will not accept unilateral pretrial stipulations, and will strike

*sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

   4.  The parties SHALL submit joint proposed jury instructions and/or proposed findings of fact and conclusions of law.

     a.  For cases or claims that will be heard by a jury, the parties shall file joint proposed jury instructions and a joint proposed verdict form in accordance with the deadline set forth below. In preparing proposed jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. The parties shall submit a **SINGLE, JOINT** set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be *italicized*. Instructions and questions proposed only the defendant(s) to which the plaintiff(s) object shall be **bold-faced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the legal basis for the objection(s) with citations to authority. A copy of the joint proposed jury instructions and verdict form **in WordPerfect version 12.0 or Word** shall be e-mailed to Chambers at the time of filing.[1] The Court expects counsel will cooperate in good faith and in most cases, should be able to agree on the general organization of the instructions and verdict form, standard instructions, and similar routine issues, thereby limiting the Court's consideration to *bona fide* substantive disputes relating to the instructions and verdict form. **Failure to cooperate in good faith and/or to submit proposed jury instructions as**

---

[1] Counsel may contact chambers at (305) 523-5590 to obtain the appropriate e-mail address.

**required by this order will result in appropriate sanctions being imposed upon the offending party, including dismissal of claims or striking of defenses.**

   b. For cases or claims that will not be heard by a jury, each party shall file proposed findings of fact and conclusions of law in accordance with the deadline set forth below. Proposed findings of fact shall be supported by citations to the documentary evidence, if applicable. Conclusions of law shall be supported by citations of authority. Copies of each party's proposed findings of fact and conclusions of law in **WordPerfect version 12.0 or Word** shall be e-mailed to Chambers at the time of filing.[2]

  5. If deposition transcripts will be used at trial pursuant to Federal Rule of Civil Procedure 32(a)(3) & (4), the parties shall comply with the following guidelines:

   a. At least TWENTY (20) DAYS in advance of the beginning of the trial period, each party shall serve and file designations of any deposition transcripts they intend to use at trial. At least FOURTEEN (14) DAYS in advance of the beginning of the trial period, an adverse party shall serve and file their counter-designations, together with any objections to a party's designations. At least TEN (10) DAYS in advance of the beginning of the trial period, a party shall serve and file any rebuttal designations, together with any objections to an adverse party's counter-designations. At least SEVEN (7) DAYS in advance of the beginning of the trial period, an adverse party shall serve and file any objections to a party's rebuttal designations.

   b. In accordance with the deadline set forth below, the parties shall prepare and JOINTLY FILE one transcript for each deposition to be used during trial. The parties shall edit the transcript, using a mini-transcript when available, to remove all irrelevant, extraneous and unnecessary pages. Each portion of the testimony designated shall be bracketed to indicate beginning and end. A notice of filing setting forth each party's designated testimony by line and page, and setting forth all objections, shall be filed with the transcript. In addition to listing objections in the notice of filing, the objections shall also be indicated in the margin of the transcript. The parties may either write their objections in the margins, or use logical

---

[2]Counsel may contact chambers at (305) 523-5590 to obtain the appropriate e-mail address.

abbreviations that will be apparent to the Court and other parties (for example "H" for hearsay). If the parties use abbreviations, the notice of filing must include a key for the Court's reference.

        c.      A courtesy copy of the notice and transcript shall be delivered to chambers at the time of filing. Each party shall mark the courtesy copy of the transcript with a different color ink or highlighter to identify its designated portions of the transcript.

    6.    All exhibits must be pre-marked. The Plaintiff's exhibits shall be marked numerically. Defendant's exhibits shall be marked alphabetically. If there are a large number of exhibits, the parties may file a motion to designate all exhibits numerically (e.g., Plaintiffs exhibits 1-99 and Defendants exhibits 100-200). A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

    7.    A motion for continuance, like a motion for extension of time, shall not stay or affect any other deadlines.[3] Unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least TWENTY (20) DAYS prior to the date on which the trial calendar is scheduled to commence. **A continuance of the trial date will be granted only on a showing of compelling circumstances.**

    8.    The following timetable shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances. **<u>All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable</u>.** Failure to include such a statement may be grounds for denial of the motion.

| | |
|---|---|
| 5-11-2017 | Parties must join any additional parties, file motions to amend the complaint, and file motions for class certification. |
| 5-22-2017 | Parties shall exchange expert witness summaries and reports. |

---

[3]The deadline is only affected if and when an Order is issued granting the motion.

| | |
|---|---|
| 5-31-2017 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 6-12-2017 | Parties shall exchange rebuttal expert witness summaries and reports. |
| Note: | These provisions pertaining to <u>expert</u> witnesses do not apply to treating physicians, psychologists or other health providers. |
| 6-30-2017 | A mediator must be selected. |
| 7-5-2017 | All discovery, including expert discovery, shall be completed. |
| 7-10-2017 | All *Daubert*, summary judgment, and other dispositive motions must be filed. |
| Note: | In the event that there are any unresolved discovery motions pending fifteen days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |
| 8-9-2017 | Mediation shall be completed. |
| 8-21-2017 | All pretrial motions and memoranda of law,[4] such as motions in limine, must be filed. |
| 8-29-2017 | Joint Pretrial Stipulation and deposition designations must be filed. The deadlines for objections to deposition designations, counter-designations, and rebuttal designations are set forth in paragraph 5 of this Order. |
| 9-11-2017 | Proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law must be filed. |
| 9-13-2017 | Proposed voir dire questions must be filed. |

9.      In order to facilitate the accurate transcription of the trial proceeding, the parties shall provide **the Court Reporter, Dawn Savino, at 400 N. Miami Ave., Suite 10-1, Miami, Florida, 33128** with a copy of a) the witness and exhibit lists, b) a designation of unique proper

---

[4]This deadline does not pertain to *Daubert*, summary judgment, and other dispositive motions as a specific deadline has already been provided for these motions.

nouns/names which may be used at trial, and c) a list of the names of all attorneys who will participate in the trial, to be received no later than THREE (3) DAYS before calendar call.

10. If the case is settled, the parties are directed to inform the Court promptly at (305) 523-5590 and to submit a joint stipulation for dismissal signed by all parties together with an appropriate proposed Order of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), **which must be filed with the Clerk of the Court**. Such stipulation and order must be filed within FIFTEEN (15) DAYS of notification of settlement to the Court or within such time as the Court may order. To be excused from calendar call, the required stipulation and order must be filed at least THREE (3) DAYS before Calendar Call. In addition, **if the parties settle their dispute after Calendar Call has taken place, they must notify the Court in writing before 4:00 p.m. on the day of Calendar Call so that the Court can cancel the request for a jury pool**. If the parties fail to notify the Court that they have so settled before the Court requests a jury pool, the parties shall be liable for the costs incurred in summoning a jury.

11. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, hearing a motion, or trial. Stipulations that would so interfere may be made only with the Court's approval.

12. In accordance with the deadline set forth above, the parties shall select a mediator certified under Local Rule 16.2.(b), and schedule a time, date, and place for mediation. It is not necessary for the parties to file a motion requesting the Court to enter an order scheduling the mediation for this specific time, date, and place. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel and all pro se litigants shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation in accordance with the deadline set forth above. The parties shall notify the Court of the results of the mediation (settled, impasse or adjourned to continue discussions) within FIVE (5) DAYS of the conclusion of the mediation.

13. Pursuant to 28 U.S.C. § 636, all discovery motions, and all motions that relate directly to these motions such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations are referred to the Honorable **Jonathan Goodman**, United States Magistrate Judge to take all appropriate action. This Order does not refer any motion which requests a continuance or extension of a deadline set by this Court. **It is the responsibility of the parties in this case to indicate the name of the Magistrate Judge on all motions and related papers referred by this order in the case number caption (Case No. 16-62548-CIV-MARTINEZ-GOODMAN) and to comply with the Discovery Procedure for Magistrate Judge Jonathan Goodman appended to this Order as Attachment A.**

14. Any private agreement, suggested or proposed scheduling conference agreements between counsel, or prior orders of the court attempting to set dates contrary to this order are hereby STRICKEN and VOID.

IT IS FURTHER ORDERED that failure to comply with this or any Order of this Court, the Local Rules, or any other applicable rule SHALL result in sanctions or other appropriate actions. It is the duty of all counsel and pro se litigants to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

DONE AND ORDERED in Chambers at Miami, Florida, this ___13___ day of January, 2017.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MAGISTRATE JUDGE GOODMAN'S DISCOVERY PROCEDURES ORDER

The following discovery procedures apply to all civil cases in which discovery is referred to United States Magistrate Judge Jonathan Goodman and where Judge Goodman is presiding over a case with full consent.

## OVERALL STATEMENT

The Court designed these procedures to help the Parties and the Court work **together** to timely resolve discovery disputes without undue delay and unnecessary expense. The procedures are designed to (1) promote the timely internal resolution of discovery disputes by the parties themselves so that they have no need to seek judicial intervention, (2) help the parties obtain timely rulings to the extent they cannot on their own resolve their discovery disputes, (3) streamline the process of resolving discovery disputes by eliminating unnecessary motion practice, and (4) assist the Court by prohibiting the submission of motions and memoranda which are unnecessary, overly long or both.

## MEET AND CONFER

Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** filing a notice of a discovery hearing. In other words, there must be **an actual conversation** before a discovery hearing notice is filed. If counsel refuses to participate in a conversation, then the party seeking to a discovery hearing shall so state in the required certificate of conference and outline the efforts made to have a conversation.

The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought, is being withheld in bad faith or if a party fails to confer in good faith. Sending an email or telefax to opposing counsel with a demand that a discovery response or position be provided on the same day will rarely, if ever, be deemed a good faith effort to confer before filing a discovery hearing notice.

## DISCOVERY CALENDAR AND NO DISCOVERY MOTIONS

**No written discovery motions**, including motions to compel, for protective order, or related motions for sanctions shall be filed unless specifically authorized by

the Court.[1] Similarly, the parties may not submit legal memoranda concerning a discovery hearing unless the Undersigned specifically authorizes it. This procedure is intended to minimize the need for discovery motions. The Court will strike any unauthorized discovery motions and memoranda.

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, then the Court holds a regular discovery calendar every Friday afternoon. The party seeking the discovery hearing shall contact Chambers at (305) 523-5720 to place the matter on the next available discovery calendar. That party will be provided with available dates and will then confer with opposing counsel and confirm his or her availability for the discovery calendar. Once opposing counsel has confirmed availability, the party seeking the hearing will contact Chambers again to finalize the hearing date. [**NOTE**: The longer a party waits to contact Chambers to follow through after being provided with available times, the more likely it is that the hearing date will no longer be available. Therefore, the Court encourages parties seeking discovery hearings to follow through on a timely basis and confirm the hearing date.].

On the same day that Chambers confirms that the matter is being placed on the discovery calendar, the party seeking the discovery hearing shall provide notice to all relevant parties by filing a Notice of Hearing and serving a copy on opposing counsel through the Court's electronic docketing system. The Notice of Hearing shall **briefly** and **succinctly** identify the substance of the discovery matter to be heard. (For example, "The Parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 4-7, and 10" or "The Parties disagree about whether Defendant produced an adequate 30(b)(6) witness on the topics listed in the notice.") Ordinarily, no more than twenty (20) minutes per side will be permitted. **The party scheduling the hearing shall include in this Notice of Hearing a certificate of good faith that complies with Southern District of Florida Local Rule 7.1(a)(3).** The Court will strike hearing notices which do not include a sufficient local rule certificate.

The party who scheduled the discovery hearing shall provide the Court a copy of all *source* materials relevant to the discovery dispute, via hand-delivery or through a document that is emailed to the CM/ECF mailbox (goodman@flsd.uscourts.gov) on the

---

[1] Nevertheless, if the parties wish to submit an **agreed-upon** discovery order, such as a standard confidentiality-type of protective order, then they shall (1) file a Notice of Proposed Stipulated Order with the proposed order attached to the notice and (2) submit a Word-version courtesy copy to the Undersigned's CM/ECF mailbox (goodman@flsd.uscourts.gov). This Order does not prohibit that submission because there is not a discovery *dispute*; instead, there is an *agreement* about a discovery issue.

date that the Notice of Hearing is filed. (For example, if the dispute concerns interrogatories, then the interrogatories at issue and the responses thereto, shall be provided.) Source material is the actual discovery at issue. Source material is **not** memoranda or letters to the Court which are, for all intents and purposes, a mini-brief. The opposing party may submit additional source material to the CM/ECF mailbox, as well.

Neither the Notice of Hearing nor the source materials should be used as a *de facto* strategy to submit a memorandum. For example, sending multi-page, rhetoric-filled letters to the Court or filing argument-riddled notices are **specifically prohibited**. The Court will strike letters, notices, and exhibits which are designed to circumvent the no motion/no memoranda policy.

If one or more of the parties believe in good faith that the discovery dispute is not a routine, garden-variety dispute and needs specialized attention, then the parties may include a to-the-point, no-more-than-one-paragraph explanation in the Notice of Hearing, to flag the specific issues. In addition, the parties may submit a "notice of authorities," which will list only the authorities, but which will not contain argument or be a disguised memorandum. At most, the list of authorities may contain a one-sentence, objective summary of the relevant holding of each case or authority. The Court will strike any non-compliant notice of authorities.

For those discovery disputes which are particularly complex (and there are not many of those) and which a party believes will require briefing, a motion for leave to file a discovery motion or memoranda may be filed. The motion should briefly explain the extraordinary need, but the actual discovery motion or memorandum should not be attached or filed unless the Court grants the motion seeking leave. The Court anticipates that the need for motions and/or memoranda will arise only **rarely**.

The following topics are illustrations of discovery disputes which are usually **not** rare enough to bypass the standard no-motion policy and therefore would not ordinarily justify a motion for leave to file a discovery motion in a specific case absent extraordinary circumstances: (1) whether a party may take more than 10 depositions in the absence of consent; (2) whether a deposition may last more than 7 hours; (3) how a seven-hour deposition is allocated among the parties; (4) whether a 30(b)(6) witness was prepared to provide binding testimony on all the topics listed in the notice; (5) whether a noticed deposition is an "apex" deposition, and, if so, whether it will be permitted; (6) whether a party needs to arrange for a treating doctor to provide an expert witness report or if the party needs to make other written disclosures if the physician is expected to testify about the cause of an injury; (7) squabbles over the location of a deposition; (8) whether an attorney improperly instructed a deponent to not answer

certain questions; (9) whether an attorney was improperly coaching a deponent; (10) whether a party or attorney may pay any money to a deponent or trial witness other than a standard witness fee, and, if so, under what circumstances and in what amounts; (11) whether a party may take "early" discovery; (12) whether a party exceeded the number of permissible interrogatories (and how should the sub-parts be counted); (13) whether an interrogatory answer is adequate or whether better answers are required; and (14) whether a party engaged in a strategically unfair "document dump" which makes it difficult for a party to know which documents are responsive to a request. These are all *routine* discovery disputes which require the submission of only the Notice of Hearing, source material and, at most, an argument-free list of authorities.

The Court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith.

These procedures do not relieve parties from the requirements of any Federal Rules of Civil Procedure or Local Rules, except as noted above.

## PRE-HEARING DISCUSSIONS

**The mere fact that the Court has scheduled a discovery hearing/conference does not mean that the parties should no longer try to resolve the dispute.** To the contrary, the parties are encouraged to continually pursue settlement of disputed discovery matters. If those efforts are successful, then counsel should **contact Chambers** as soon as practicable so that the hearing can be timely canceled. Alternatively, if the parties resolve some, but not all, of their issues before the hearing, then counsel shall also timely **contact Chambers** and provide notice about those issues which are no longer in dispute (so that the Court and its staff do not unnecessarily work on matters no longer in dispute).

## EXPENSES, INCLUDING ATTORNEY'S FEES

The Court reminds the parties and counsel that Federal Rule of Civil Procedure 37(a)(5) requires the Court to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling.

## NO BOILERPLATE DISCOVERY OBJECTIONS

### "Vague, Overly Broad and Unduly Burdensome"

Parties shall not make conclusory boilerplate objections. Such objections do not comply with Local Rule 26.1(e)(2)(A), which provides that, "[w]here an objection is made to any interrogatory or sub-part thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds." Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and the Court will disregard such objections. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) (the ground for objecting to an interrogatory "must be stated with specificity"); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."). Testimony or evidence may be necessary to show that a particular request is in fact burdensome.

### "Irrelevant or Not Reasonably Calculated to Lead to Admissible Evidence"

An objection that a discovery request is irrelevant or "not reasonably calculated to lead to admissible evidence" is an outdated type of objection, as that language no longer defines the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). The current version defines the scope of discovery as being "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" -- and then lists several factors to analyze. The Court reminds the parties that the Federal Rules provide that information within this scope of discovery "need not be admissible in evidence" to be discoverable. *See* Fed. R. Civ. P. 26(b)(1); S. D. Fla. L. R. 26.1(g)(3)(A); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

### No Formulaic Objections

Parties should avoid reciting a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such a boilerplate objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the responding party fully answered. Moreover, the Federal Rules of Civil Procedure now specifically prohibit that practice (which was deemed inappropriate by many judges and commentators). For example,

Federal Rule of Civil Procedure 34(b)(2)(C) now provides that an objection to a request for documents "must state whether any responsive materials are being withheld on the basis of that objection." In addition, it also says that "an objection to part of a request must specify the part and permit inspection of the rest." Therefore, counsel should specifically state <u>whether</u> the responding party is fully answering or responding to a request and, <u>if not, specifically identify the categories of information that have been withheld</u> on an objection-by-objection basis.

## Objections Based upon Privilege

Generalized objections asserting attorney-client privilege or the work product doctrine also do not comply with the Local Rules. S. D. Fla. L. R. 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identify details such as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other. Parties must review this Local Rule carefully, and refrain from objections in the form of: "Objection. This information is protected by attorney/client and/or work product privilege." The Local Rule also requires the preparation of a privilege log except for "communications between a party and its counsel after commencement of the action and work product material created after commencement of the action."

Attachment A